United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANETTE LOUISE LOPEZ, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ALLIED PACKING & SUPPLY INC., et al.,<br><br>   Defendants. | Case No. 16-cv-00371-JSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**<br><br>Re: Dkt. No. 15 |

Federal law prohibits diversity jurisdiction removal more than one year after "the commencement of the action." 28 U.S.C. § 1446(c). The pending motion to remand asks whether amendment of a personal injury complaint in California state court to add a wrongful death cause of action upon the death of the original plaintiff constitutes "commencement of [a new] action" re-setting the one-year clock. After considering the parties' submissions, and having had the benefit of oral argument on March 24, 2016, the Court concludes that it does not. Defendants' removal more than 20 months after this case was commenced in state court was thus untimely and Plaintiffs' motion to remand must be granted.[1]

**BACKGROUND**

Mark Lopez filed a personal injury lawsuit against 10 Defendants, including Hillshire Brands Company ("Hillshire"), on April 15, 2014 alleging injuries, including mesothelioma, arising from asbestos exposure. (Dkt. No. 1-1 ¶¶ 12-16.) Two weeks later, he amended the

---

[1] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 11, 16.)

complaint to add his wife, Lanette Louise Lopez, as a plaintiff alleging loss of consortium. (Dkt. No. 1-2 at ¶¶ 34-36.) Plaintiffs thereafter dismissed their claims against three of the defendants (Dkt. Nos. 17-14, 17-15, 17-16) and agreed with five other defendants that "the matter would be handled under previously arranged asbestos case processing agreements." (Dkt. No. 17 at ¶ 7). According to Plaintiffs, as of August 5, 2014 Hillshire and Honeywell International, Inc. ("Honeywell") were the only defendants remaining in the case. (*Id*. at ¶ 8.)

Mr. Lopez died on July 7, 2015. (*Id*. at ¶ 14.) Ms. Lopez then moved for leave to file a second amended complaint to make claims for wrongful death and survival and to accordingly add the Lopez children, Pilar Elann Lopez, and Seth Vincent Lopez, as plaintiffs. (*Id*.) The court granted the motion to amend over the defendants' objection (Dkt. No. 18-1) and Plaintiffs filed the now operative Second Amended Complaint ("SAC") on October 28, 2015. The SAC named four defendants: Hillshire, Honeywell, Allied Packing & Supply Inc., and Basco Drywall & Painting Company. (Dkt. No. 1-1 at 35[2].) Plaintiff filed a notice of voluntary dismissal as to Allied Packing & Supply Inc. on January 12, 2016. Plaintiffs have not yet served Basco Drywall & Painting Company. (Dkt. No. 1 at ¶ 7.) Also on January 12, Plaintiffs filed a case management conference statement stating that Hillshire and Honeywell are the two "active defendants" in the action. (Dkt. No. 1-1 at 58.) Ten days later, Hillshire removed the action to this Court with Honeywell's consent based on diversity jurisdiction. (Dkt. Nos. 1; 1-1 at 63.)

**LEGAL STANDARD**

A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Generally, a notice of removal must be filed within 30 days after service of the complaint, 28 U.S.C. §§ 1446(b)(2)(A); however, if it is unclear from the face of the complaint that diversity

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

jurisdiction exists, the notice of removal shall be filed within 30 days after receipt of a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  A case "may not be removed under subsection (b)(3) . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

## DISCUSSION

Hillshire removed this action more than 20 months after it was originally commenced in state court.  It nonetheless argues that the one-year limitation of section 1446(c)(1) does not defeat removal because the amendment of the state court complaint to add the wrongful death cause of action constitutes "commencement of the action" restarting the one-year time limitation.[3]  In light of California law defining "commencement" of a case and Ninth Circuit caselaw applying that state law, the Court concludes that it does not.

"Commencement [under 1446(c)] refers to when the action was initiated in state court, according to state procedures." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005).  Under California law, "[a]n action is commenced . . . when the complaint is filed." Cal. Code Civ. Proc. § 350; *see also Orr v. City of Stockton*, 150 Cal. App. 4th 622, 629 (2007) ("A civil lawsuit is generally commenced by the filing of a complaint, asserted by one party against another, alleging facts sufficient to state a cause of action.").  Thus, the filing of the original complaint commences an action under California law.  The Ninth Circuit has squarely held that amendment of the complaint does not change this analysis: "a California state court action is commenced . . . when the original complaint is filed.  Any amendment of that complaint-whether to add new causes of action, to add or replace plaintiffs, or to add or replace defendants-does not change that commencement date." *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1148 (9th Cir. 2007) (internal citation and quotation marks omitted); *see also Brookler v. Radioshack Corp.*, No. 2:13-CV-06034-CAS, 2013 WL 5741918, at *3 (C.D. Cal. Oct. 21, 2013) (concluding the filing of a second amended complaint following decertification to add a subclass did not commence a new

---

[3] Hillshire does not argue that the bad faith exception to the one-year removal requirement applies here.

3

action for purposes of Section 1446(c)).

In *McAtee*, the issue was whether the Class Action Fairness Act ("CAFA"), which permits removal of certain state law class actions, applied to the complaint. CAFA applies to actions "commenced" after its February 2005 enactment. Pub. L. 109-2, § 9, Feb. 18, 2005, 119 Stat. 14. Although the original complaint was filed prior to that date, the removing defendants argued that the action was newly "commenced" when the plaintiffs amended the complaint to substitute the removing defendants for the doe defendants. The Ninth Circuit disagreed. Instead, it held that under California law an action is commenced "the date on which the original complaint in the action was filed." *Id.* End of discussion. Hillshire does not dispute the applicability of *McAtee's* reasoning to removal under 1446(c). Nor can it. The question in *McAtee* and under 1446(c)(1) is the same: under California law when is an action commenced? And regardless of the purpose of the question-- whether CAFA applies or the one-year limitation of section 1446(c)(1) bars removal--the answer is the same: when the original complaint was filed.

Hillshire nonetheless insists that the amendment of a complaint to allege wrongful death causes of action following a plaintiff's death commences a new action. In support of this argument, Hillshire relies upon cases which it contends hold that a wrongful death action is a new cause of action that arises on the death of the original plaintiff. *See, e.g.*, *Groom v. Bangs*, 153 Cal. 456, 459 (1908) (concluding that a husband's filing of an amended and supplemental complaint alleging a cause of action for wrongful death following his wife's death during the pendency of their personal injury action "was, in effect, a discontinuance of the previous action and the beginning of a new action for a new cause."). However, as Plaintiffs note, nearly all of the cases Hillshire cites pre-date amendments to California law which provided that a personal injury action did not abate on a person's death, *see Cty. of Los Angeles v. Superior Court*, 21 Cal. 4th 292, 295 (1999), and establishing the right of a spouse to make a loss of consortium claim in a personal injury action, *see Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 794 (2010).[4] None

---

[4] Those cases that do not pre-date these amendments are procedurally distinguishable. *See, e.g.*, *Larcher v. Wanless*, 18 Cal. 3d 646, 657 (1976) (concluding that the statute of limitations period for a wrongful death claim accrues upon the death of the decedent and not with the filing of a personal injury action preceding the individual's death); *Pac. Emp. Ins. Co. v. Hartford Steam*

4

of the cases Hillshire cites address the situation here: a surviving spouse who was herself already a plaintiff amends the action to make a wrongful death claim following the death of her co-plaintiff spouse and adds her children as plaintiffs—children whose cause of action was required to be added to that of their parent. *See Adams v. Superior Court*, 196 Cal. App. 4th 71, 75 (2011) ("California courts interpret the wrongful death statutes to authorize only a single action, in which all the decedent's heirs must join.").

Hillshire's reliance on *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1063 (2013) is similarly misplaced. Although *Castaneda* noted that "it has long been the law in California, that '[a]n action for wrongful death is wholly distinct from an action by the decedent, in his lifetime, for the injuries which ultimately cause his death,'" *id*. at 1063 (quoting *Lewis v. City and County of San Francisco*, 21 Cal.App.3d 339, 341 (1971)), the court was addressing whether the decedent's daughter could piggyback on her father's tort claim for purposes of the exhaustion requirement for her wrongful death claim. In concluding that she could not, the court noted that under California law a claimant cannot rely on the tort claim presented by another claimant. *Id*. at 1062. *Lewis*, the case upon which the *Castaneda* court relied, likewise addresses a spouse's failure to independently satisfy the claims presentation requirement following the death of his spouse and conversion of the claim into one for wrongful death. *Lewis*, 21 Cal.App.3d at 341. These cases in no way suggest that when a plaintiff amends a complaint to allege a wrongful death claim, and also adds plaintiff heirs at the same time, a new action within the meaning of California Code of Civil Procedure section 350 is commenced. As *McAtee* unequivocally stated, under California law an action is commenced when the original action is filed and "[a]ny

---

*Boiler Inspection & Ins. Co*., 143 Cal. App. 2d 646, 649 (1956) (discussing whether an insurance company was estopped from seeking to recover amounts it paid to resolve wrongful death claims against the decedent's former employer); *Secrest v. Pac. Elec. Ry. Co*., 60 Cal. App. 2d 746, 751 (1943) (concluding that "when the identical issues joined by the pleadings in the action for wrongful death were determined adversely to plaintiffs in the prior personal injury action, under facts and circumstances similar to those presented by the instant case, the defense of estoppel by judgment must be sustained."); *Garcia v. State*, 247 Cal. App. 2d 814, 816 (1967) (relying in part on Section 377 [the wrongful death statute] to conclude although a prisoner is barred from recovering for an injury resulting from a dangerous condition on public property, a wrongful death action based on such an injury is not similarly barred). Hillshire's reliance on *Draper Mortuary v. Superior Court*, 135 Cal. App. 3d 533, 541 (Cal. Ct. App. 1982), is even more problematic as the quoted language is from the dissent.

amendment of that complaint—whether to add new causes of action, to add or replace plaintiffs, or to add or replace defendants—does not change the commencement date." 479 F.3d at 1148.

Further, Plaintiffs' wrongful death action is not as distinct from the original complaint as Hillshire contends. In *Lamont v. Wolfe*, 142 Cal. App. 3d 375 (Cal. Ct. App. 1983), the court rejected an argument that a husband's wrongful death claim was barred by the statute of limitations, concluding instead that the wrongful death claim related back to the filing date of his complaint for lack of consortium predicated on the same injuries. The court concluded that

> [w]hile Code of Civil Procedure section 377 creates a cause of action for wrongful death, under the circumstances of this case it is not a wholly different cause of action but more a continuation under a different name of the original cause of action for loss of consortium.

*Id*. at 382. Likewise, in *McCarthy v. AstenJohnson, Inc.*, No. CV 03-3046PSGEX, 2009 WL 577769, at *2 (C.D. Cal. Mar. 4, 2009), the court concluded that res judicata barred a spouse's wrongful death lawsuit given her prior recovery on a loss of consortium claim based on the same injury finding "that a claim for loss of consortium and a wrongful death claim for noneconomic damages constitute the same cause of action under California law."

The same reasoning that led the courts in *Lamont* and *McCarthy* to conclude that the spouse's claim for wrongful death was a continuation of the spouse's previously filed claim for loss of consortium applies here. As the *Lamont* court noted, "[t]he fact that Mr. Lamont now sues in a different capacity does not prejudice the defendants nor does it alter the operative facts on which the original and amended complaints are based." *Lamont*, 142 Cal. App. 3d at 380. Indeed, "the injuries suffered by [plaintiff] as husband suing for loss of consortium and as heir suing for wrongful death are personal to him and include the same elements of loss of love, companionship, affection, society, sexual relations, and solace. *Id*.

Hillshire's reliance on California Code of Civil Procedure Section 583.310 is also unpersuasive. Under that statute trial is required to occur within five years "after the action is commenced against the defendant." In *Brumley v. FDCC California, Inc*., 156 Cal. App. 4th 312 (2007), as modified on denial of reh'g (Nov. 19, 2007), the court held that a newly added wrongful death cause of action did not have to be tried within five years of the filing of the original

complaint because it did not relate back to the claims of the original complaint. *Id.* at 325. The court reasoned that the five-year rule operates like and shares the same purpose as a statute of limitations. *Id.* at 318, 319. "Both types of statutes promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed." *Id.* at 320 (internal quotation marks and citation omitted).

This reasoning does not apply here. The only issue is whether the case will be tried in state court or federal court. Indeed, in *McAtee*, the Ninth Circuit specifically rejected a "relation back" approach to determine when a case is commenced for purposes of determining where the case will be tried. The court reasoned:

> The relation back doctrine is formulated slightly differently from one jurisdiction to another, but the common premise of all the formulations is that, when the stakes involve the survival of the action, a defendant should not be ambushed by a late-filed or late-served action. Thus, for example, an amendment to the complaint that is filed or served after the running of the statute of limitations will be allowed to relate back to the date of the original complaint only when the defendant would not be unfairly surprised.

*Id.* at 1147. The stakes before the *McAtee* court were different.

> By contrast to a case in which the statute of limitations is at issue, the stakes are lower when the question is whether a case is covered by CAFA. The case will be allowed to go forward, in some forum, whether CAFA applies or not. If CAFA applies, the action may go forward in federal court if a defendant files a timely motion for removal. If CAFA does not apply, the action must go forward in state court unless there is some other basis for removal to federal court.

*Id.* The stakes at issue under section 1446(c) are similar to those at issue in *McAtee*. If the amendment of the complaint did not "commence the action" the case stays in state court; if it did, the case moves to federal court assuming the other requirements of diversity jurisdiction are satisfied. Thus, as *McAtee* held, "the relation back doctrine should not be imported into the determination of when an action is commenced in state court. . . . Instead, at least in California, we simply look to the date on which the original complaint in the action was filed." *Id.* at 1147.

Further, the *Brumley* approach to the five-year rule does not work in the circumstances here. *Brumley* held that the wrongful death claims did not relate back because "neither Mrs.

7

Brumley nor Brumley's children filed claims in the original lawsuit, and their claims in the amended complaint alleged a different type of injury than those that had been alleged by Brumley in the original complaint." *Id*. at 325.  Not so here.  Rather, as in *Lamont*, Ms. Lopez had a claim for loss of consortium which is based on the same injury as her now wrongful death claim and thus does relate back.  To accept Hillshire's argument would mean that Ms. Lopez's wrongful death claim (and the survival claim) did not commence a new action, but that the wrongful death claim of her newly-added children did.  This approach does not make sense.

## CONCLUSION

The amendment of the state court complaint upon the death of Mr. Lopez did not commence a new action resetting the one-year clock for diversity jurisdiction removal.  Plaintiffs' Motion for Remand (Dkt. No. 15) is GRANTED.  This action is remanded to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: March 28, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge