UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANETTE LOUISE LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLIED PACKING & SUPPLY INC., et al.,<br><br>    Defendants. | Case No. 16-cv-00371-JSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 32 |

Federal law, 28 U.S.C. section 1446(c), prohibits removal based on diversity jurisdiction "more than 1 year after commencement of the action." Nearly two years after this action was filed, Defendant the Hillshire Brands Company ("Hillshire") removed this action to this Court from the Alameda County Superior Court based on diversity jurisdiction. Hillshire argued that the amendment of Plaintiffs' state court personal injury action into a wrongful death action "commenced a new action" re-starting the 1-year clock for diversity removal. The Court disagreed and granted Plaintiffs' motion to remand. (Dkt. No. 27.) Shortly thereafter, Plaintiffs filed the underlying motion for attorneys' fees seeking $85,203.75. (Dkt. No. 32.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES the motion for attorneys' fees.

**DISCUSSION**

Under § 1447(c), a district court has discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546

U.S. 132, 140 (2005).  A finding of bad faith on the part of the removing party is not required. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447-48 (9th Cir. 1992).  Instead, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin*, 546 U.S. at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

Hillshire removed this action from state court more than 20 months after it was initiated when Plaintiffs Lanette Lousie Lopez, Pilar Elann Lopez, and Seth Vincent Lopez's (collectively "Plaintiffs") filed a second amended complaint converting the action into one alleging survival and wrongful death claims following the death of their husband and father, respectively.  Hillshire argued that the amendment of a personal injury complaint in California state court to add a wrongful death cause of action upon the death of the original plaintiff constituted the "commencement of [a new] action" re-setting the one-year clock for removal under. 28 U.S.C. § 1446(c).  Plaintiffs contend that removal on this basis was not objectively reasonable because Hillshire's arguments were contrary to California law regarding wrongful death and survival actions.  Because Hillshire's removal position was not unreasonable, the Court declines to award fees.

First, Hillshire's removal argument, while ultimately unpersuasive, was novel.  There is no case within the Ninth Circuit which addresses the precise issue raised.  The Court concluded that *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1148 (9th Cir. 2007) controlled, but Hillshire's arguments to the contrary were not frivolous.  *McAtee* was decided under the Class Action Fairness Act rather than state law wrongful death and survival statutes.  Although the Court concluded that this distinction was immaterial, this was not such an obvious conclusion that the Court can say that Hillshire's removal position was objectively unreasonable.  Indeed, Plaintiffs did not even cite *McAtee* as authority for remand until their reply.  Instead, Plaintiffs spent considerable space in their remand motion arguing that the Court should follow the rationale of two out-of-circuit Eastern District of Louisiana District Court decisions.  *See, e.g.*, *Turner v. Mine Safety Appliances Co.*, No. 01-0325, 2001 U.S. Dist. LEXIS 5965 (E.D. La. Apr. 27, 2001);

*Rodriguez v. Acands, Inc.*, No. 01-0586, 2001 U.S. Dist. LEXIS 4386 (E.D. La. 2001). This was thus not a case where removal was clearly improper because other district courts within the Ninth Circuit had considered and rejected the very arguments Hillshire advanced. *Compare Braco v. MCI Worldcom Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. 2001) (awarding attorneys' fees, even though defendant had stated a plausible basis for removal, because defendant had unsuccessfully removed on the same basis in two prior actions) *with Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1012 (N.D. Cal. 2001) (concluding that "an award of costs and fees is not warranted in this case, given that the removal was based on a reasonable and supported interpretation of unsettled California law.").

Second, the amount of fees sought here undercuts Plaintiffs' argument that Hillshire's removal position was without merit. Plaintiffs seek $67,778.75 in fees (for 121.55 hours of work) for the motion to remand and another $17,425.00 for the motion for fees. This amount is well above the amount of fees typically sought in connection with motions to remand, *see, e.g.*, *Cuellar-Ramirez v. US Foods, Inc.*, No. 16-CV-00085-RS, 2016 WL 1238603, at *7 (N.D. Cal. Mar. 22, 2016) (denying request for $6,600 in fees); *Portillo v. Beyer Fin. Corp.*, No. 15-CV-04493-RS, 2015 WL 7738029, at *4 (N.D. Cal. Dec. 1, 2015) (awarding $10,537.50 in fees and costs), and thus suggests that the issues presented were not objectionably unreasonable, otherwise there would be no need for Plaintiffs to incur so much attorney time in briefing the issues.

"[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Although Hillshire's removal position was not availing, it was not objectively unreasonable. Plaintiffs' motion for attorneys' fees is thus denied.

This Order disposes of Docket No. 32.

**IT IS SO ORDERED.**

Dated: June 1, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3